

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 4, 1974

The Honorable Clayton T. Garrison
Executive Director
Texas Parks & Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 271

Re: Restrictions on
appropriation to Parks and
Wildlife Department for
grants to cities and counties
for beach cleaning and main-
tenance

Dear Mr. Garrison:

You have asked:

"Is the Parks and Wildlife Department
limited by the provisions of the current appro-
priations bill and the appropriations bill for
FY 74 and FY 75 to a maximum payment of
$50,000 for any single grant subject to equal
matching by cities or counties for maintenance
and clearing of Public beaches and to $200,000
total state expenditure?"

Item 20 of the appropriation for the Parks and Wildlife Department
(Acts 1973, 63rd Leg., ch. 659, p. 1786, at 2007) provides:

| | 1974 | 1975 |
|---|---|---|
| "20. For payment to cities and counties for maintenance and cleaning of Public beaches NTE $50,000 for any single grant, subject to equal match-ing and contingent upon there being no admission fees charged for entry onto such public beaches | 200,000 | 200,000" |

Article 5415d-1, § 7, Vernon's Texas Civil Statutes, provides in part:

"Sec. 7. (a) From the appropriation available therefor, the Parks and Wildlife Department shall from time to time pay to each county or city which has its application approved under Section 3 of this Act, an amount hereinafter referred to as the 'state share,' . . . .

"(c) No county or city shall receive as its 'state share' a sum greater than two-thirds of the amount such county or city expends for the purpose of cleaning and maintaining public beaches within its jurisdiction during the state fiscal year for which reimbursement is sought. The Department shall allocate the 'state share' to eligible counties and cities, taking into account the frequency with which public beaches within the jurisdiction of such counties and cities are used."

It is clear that an appropriation bill may not be a vehicle for amending or enacting general law. Texas Constitution, Article 3, § 35; Moore v. Sheppard, 192 S. W. 2d 559 (Tex. 1946). The type of incidental provisions or riders which may be included in an appropriations bill was ably and exhaustively discussed in Attorney General Opinions V-1253 and V-1254 (1951). Attorney General Opinion V-1254 states at page 8 that:

"With special regard to what incidental provisions may be included within a general appropriation bill, our Texas courts have not stated a general rule. However, from statements as to what may not be included and from numerous opinions of the Attorney General, we believe the rule may be stated generally as follows: In addition to appropriating money and stipulating the amount, manner, and purpose of the various items of expenditure, a general appropriation bill may contain any provisions or riders

which detail, limit, or restrict the use of the funds
or otherwise insure that the money is spent for the
required activity for which it is therein appropriated,
if the provisions or riders are necessarily connected
with and incidental to the appropriation and use of the
funds, and provided they do not conflict with general
legislation."

The $200,000 limit on state expenditures for beach cleaning grants
and the $50,000 maximum payment to any single grantee are clearly
permissible limits of the amount of expenditures. The requirement that
grants be allocated on a fifty-fifty matching basis does not conflict with
the statutory mandate that "no county or city shall receive as its 'state
share' a sum greater than two-thirds of the amount such county or city
expends for the purpose of cleaning and maintaining public beaches. . . ."
The restriction contained in the Appropriations Act clearly is consistent
with this language of article 5415d-1, § 7(c), and is merely a means of
detailing or limiting the use of funds.

Therefore, your first question is answered in the affirmative.
Your second question was premised on a negative response to your first
question, and it is unnecessary to consider it.

### SUMMARY

The restrictions expressed in the appropriation
to the Parks and Wildlife Department for grants to
counties and cities for beach cleaning and maintenance
are not invalidated by Article 5415d-1, Vernon's Texas
Civil Statutes.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee